IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PAUL J. McKENZIE,** | : | **CIVIL NO. 1:12-CV-2241** |
| **Plaintiff** | : | **(Judge Rambo)** |
| **v.** | : | |
| **BARBARA H. NIXON,** | : | |
| **THOMAS W. GREGORY,** | : | |
| **and ALAN E. CLARKSON,** | : | |
| **Defendants** | : | |

**M E M O R A N D U M**

Pro se Plaintiff, Paul J. McKenzie, commenced this action by filing a
complaint on November 9, 2012 (Doc. 1), followed by an amended complaint on
February 12, 2013 (Doc. 26).  The amended complaint sets forth a Fourteenth
Amendment due process claim pursuant to 42 U.S.C. § 1983.  Presently before the
court are three motions to dismiss filed by each of the Defendants.  (Docs. 31, 33, &
36.)  For the following reasons, the court will grant each motion.

**I.** **Background**

   **A.** **Facts**[1]

Plaintiff's amended complaint is far from a model of clarity.  However,
consistent with the court's responsibility to construe pro se complaints liberally, see
Alston v. Parker, 363 F.3d 229, 234 (3d Cir. 2004), the court finds the following
factual allegations have been pled.  On November 5, 2011, Defendant Detective
Alan Clarkson ("Clarkson") was dispatched to the York Hospital to question a

---

[1]  As required when deciding a motion to dismiss, the court will accept as true all well-
pleaded factual allegations contained in Plaintiff's amended complaint.  (Doc. 26.)

patient who was claiming she had been beaten and raped. (Doc. 26, Am. Compl., ¶ 2.) Clarkson attempted to question the alleged victim regarding her injuries, however the alleged victim responded that she did not wish to make a statement or give her name. (*Id.*, ¶ 3.) Nevertheless, Clarkson continued to question the alleged victim and coerced a statement out of the "intoxicated and prescription drug induced accuser." (*Id.*, ¶ 4.) The alleged victim was in a "shocked mental state" at the time of her statement. (*Id.*) A reasonable reading of the complaint infers that the coerced statement given by the alleged victim implicates Plaintiff in criminal activity. The alleged victim is Plaintiff's ex-girlfriend, and is the daughter of Defendant Magisterial District Judge Barbara Nixon ("Nixon"). (*Id.*, ¶ 6.)

Plaintiff alleges that the coerced statement was then submitted to Defendant Nixon and Magisterial District Judge Haskell, who is not a party to this action. (*Id.*) Defendant cites to, but does not attach, an "arrest warrant affidavit" bearing the office stamp of Defendant Nixon and her signature on a notice of arraignment. (*Id.*) Plaintiff alleges that his "14th amendment right of due process [was] violated when (Det)Clarkson took my affidavit of probable cause with omitted material information about the psychological state of the accuser and the means by which (Det) Clarkson gathered the information, which he then submitted to the mother of my accuser . . . ." (*Id.*)

**B.    Procedural History**

Plaintiff filed his original *pro se* complaint on November 9, 2012. (Doc. 1.) On January 29, 2013, Defendant Clarkson filed a motion to dismiss or, in the alternative, a motion for a more definite statement. (Doc. 22.) Before Plaintiff filed a response, the court denied the motion to dismiss, but granted the request for a

more definite statement, and ordered Plaintiff to file an amended complaint. (Doc. 24.) On February 12, 2013, Plaintiff filed an amended complaint. (Doc. 26.) On March 7, 2013, Defendant Clarkson filed a motion to dismiss the amended complaint (Doc. 31), followed by a brief in support on March 8, 2013 (Doc. 32). On March 13, 2013, Defendant Nixon filed a motion to dismiss (Doc. 33), followed by a brief in support on April 1, 2013 (Doc. 35). Finally, on April 4, 2013, Defendant Gregory filed a motion to dismiss (Doc. 36), followed by a brief in support on April 17, 2013 (Doc. 40). Pursuant to the court's order dated April 18, 2013 (Doc. 42), Plaintiff submitted a brief in opposition to all three motions on May 1, 2013 (Doc. 43). On May 16, 2013, Defendants Gregory and Clarkson filed reply briefs. (Docs. 47 & 48.) Defendant Nixon did not file a reply brief, and the time to do so has now expired. Accordingly, the motions are ripe for disposition. On May 31, 2013, Plaintiff improperly filed a sur-reply without seeking leave of court as required under Local Rule 7.7. (Doc. 49.) However, in light of Plaintiff's *pro se* status, the court reviewed and considered the sur-reply in the disposition of the motions to dismiss.

## II.        Legal Standard

When presented with a motion to dismiss for failure to state a claim, the court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions," and ultimately must determine "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210, 211 (3d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The complaint must do

more than allege the plaintiff's entitlement to relief; it must "show such an entitlement with its facts." *Id.*, 578 F.3d at 211 (citations omitted). As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a) (alterations in original).) In other words, a claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.*

      "To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted); *see also Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). The court may consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." *Pension Benefit*, 998 F.2d at 1196. Additionally, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002) (citation omitted); *see also U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) ("Although a district court may not consider matters extraneous to the pleadings, a

document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment.") (internal quotation omitted). However, the court may not rely on other parts of the record in making its decision. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

Finally, in the Third Circuit, a court must grant leave to amend before dismissing a civil rights complaint that is merely deficient. *See, e.g., Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007); *Weston v. Pennsylvania*, 251 F.3d 420, 428 (3d Cir. 2001); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004).


**III.**     **Discussion**

Although Plaintiff's amended complaint does not specifically state so, it is clear that Plaintiff's claims of constitutional violations are brought pursuant to 42 U.S.C. § 1983. Section 1983 states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the

United States Constitution and federal statutes that it describes." *City of Monterey v. Del Monte Dunes*, 526 U.S. 687, 749 n.9 (1999) (internal quotation omitted). To prevail in an action under § 1983, a plaintiff must demonstrate: (1) a violation of a right secured by the Constitution and the laws of the United States; and (2) that the alleged deprivation was committed by a person acting under color of state law. *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000); *Moore v. Tartler*, 986 F.2d 682, 685 (3d Cir. 1993). It is well-established that in a suit brought under 42 U.S.C. § 1983, a defendant must be shown to have had personal involvement in an alleged constitutional violation, and the doctrine of respondeat superior will not support a finding of liability. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

## A.    <u>Defendant Gregory</u>

The amended complaint not only fails to allege personal involvement as to Defendant Gregory, but it fails make any mention of him whatsoever. However, in Plaintiff's brief in opposition, Plaintiff clarifies that Defendant Gregory was Plaintiff's attorney in the underlying criminal matter. (*See* Doc. 43, p. 4.) Plaintiff states in his brief that Defendant Gregory displayed "gross[ly] negligent actions when refusing at plaintiff's request to investigate if Defendant Nixon indeed recused herself from being involved in plaintiff's criminal matters." (*Id.*) Plaintiff further states that "defendant Gregory is obligated under the 6th Amendment to assist plaintiff in his defense." (*Id.*, p. 5.)

Notwithstanding Plaintiff's failure to even mention Defendant Gregory in the amended complaint, to the extent that Plaintiff intended to bring any Section 1983 claim against Defendant Gregory, such claim would fail. As stated, to prevail in an action under Section 1983, Plaintiff must demonstrate that Defendant Gregory

was acting "under color of state law." Such a showing is a jurisdictional requisite for a Section 1983 claim. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 315 (1981); *Nicini*, 212 F.3d at 806. A defense lawyer, such as Defendant Gregory, representing his client is not acting under color of state law. *Dodson*, 454 U.S. at 318. The same would be true if Defendant Gregory was a public defender. *See id.* at 325 ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). Accordingly, Defendant Gregory's motion will be granted and Plaintiff's claims against Defendant Gregory will be dismissed, with prejudice, because any amendment to Plaintiff's Fourteenth Amendment claim, or any amendment to include a Sixth Amendment claim, would be futile.

## B. Defendant Nixon

The extent of the factual allegations regarding Defendant Nixon are that Defendant Clarkson gathered information, including the coerced statement, and then submitted that information to Defendant Nixon and another magisterial district judge. Plaintiff refers the court to an arrest warrant affidavit bearing the stamp of Magisterial District Judge Nixon, and a notice of arraignment bearing her signature. However, although Plaintiff cites to these documents, he did not attach them to the amended complaint or any other filing. Such documents could be properly reviewed by this court on a motion to dismiss, *Pension Benefit*, 998 F.2d at 1196, but because they did not appear anywhere on the record, the court only considered the sufficiency of the amended complaint in disposing of this motion.

At no point does Plaintiff show or even allege Defendant Nixon's personal involvement. For example, the complaint does not allege that Defendant

Nixon actually reviewed and approved the affidavit of probable cause to issue the arrest warrant. Even assuming as much, Plaintiff does not clarify precisely how he was denied due process. For example, in order to prevail on a procedural due process claim under 42 U.S.C. § 1983, a plaintiff must show (1) that he possessed a life, liberty, or property interest within the meaning of the Fourteenth Amendment, and (2) that he did not have procedures available to him that would provide him with "due process of law." *Rockledge Dev. Co. v. Wright Township*, 767 F. Supp. 2d 499, 502 (M.D. Pa. Feb. 10, 2011) (citing *Robb v. City of Phila.*, 733 F.2d 286, 292 (3d Cir. 1984)). More specifically, a plaintiff must prove each of the following five elements in relation to a § 1983 procedural due process claim:

> (1) that he was deprived of a protected liberty or property interest; (2) that this deprivation was without due process; (3) that the defendant subjected the plaintiff, or caused the plaintiff to be subjected to, this deprivation without due process; (4) that the defendant was acting under color of state law; and (5) that the plaintiff suffered injury as a result of the deprivation without due process.

*Id.* (citing *Sample v. Diecks*, 885 F.2d 1099, 1113-14 (3d Cir. 1989)).

At best, Plaintiff pleads a deprivation of a protected liberty or property interest when he alleges that Defendant *Clarkson* failed to include in the affidavit of probable cause information about the mental state of the alleged victim, which is irrelevant to Plaintiff's claim against Defendant Nixon. There is no indication anywhere in Plaintiff's amended complaint or other submissions of the procedures or deficiencies in the criminal justice system that amount to a procedural due process violation, nor are there any factual allegations that might implicate Defendant Nixon in such a violation. Thus, this claim must be dismissed.

Because the amended complaint is unclear, the court will also interpret Plaintiff's Fourteenth Amendment claim as a substantive due process claim.[2] "To prevail on a substantive due process claim under § 1983, a plaintiff must establish as a threshold matter that he has a protected property interest to which the Fourteenth Amendment's due process protection applies." *Para v. City of Scranton*, 2008 U.S. Dist. LEXIS 53854, *31 (M.D. Pa. July 10, 2008) (quoting *Woodwind Estates Ltd. v. W.J. Gretkowsi*, 205 F.3d 118 (3d Cir. 2000)). "A substantive due process claim grounded in an arbitrary exercise of governmental authority may be maintained only where the plaintiff has been deprived of a 'particular quality of property interest.'" *Id.* A government employee violates substantive due process when his conduct "amounts to an abuse of official power that 'shocks the conscience.'" *Dommel Props., LLC v. Jonestown Bank & Trust Co.,* 2013 U.S. Dist. LEXIS 37343, *29 (M.D. Pa. Mar. 19, 2013) (quoting *Fagan v. City of Vineland*, 22 F.3d 1296, 1303 (3d Cir. 1994)). "State conduct violates an individual's substantive due process rights when it is so brutal, demeaning, and harmful that it is shocking to the conscience." *Id.* (quoting *Elena v. Munic. of San Juan*, 677 F.3d 1, 7-8 (1st Cir. 2012) (internal quotations and citations omitted)). What qualifies as conscience-shocking is an intensely fact-specific inquiry and is likely to vary from case to case. *Id.* (citing *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 847 (1998)).

No allegations regarding Defendant Nixon come remotely close to satisfying this standard. The only allegation pertaining to Defendant Nixon is that the allegedly coerced statement was submitted to Defendant Nixon, and that

---

[2] Although the amended complaint does not specifically mention a substantive due process claim, Plaintiff's brief in opposition claims a substantive due process violation as to Defendant Clarkson, but makes no mention of such a claim as to Defendant Nixon. (*See* Doc. 43 at p. 4.)

Defendant Nixon signed Plaintiff's arrest warrant. It is clear that Plaintiff believes that it was improper to have Judge Nixon handle the case, and it should have been reassigned to another magisterial district judge's office to avoid the appearance of impropriety. (*See* Doc. 43, p. 3.) While this argument is not without merit, it fails to show that Defendant Nixon's actions were "so brutal, demeaning, and harmful" so as to shock the conscience. Indeed, from the complaint it is clear that the information from Defendant Clarkson was also submitted to another magisterial district judge, and that the arrest warrant was issued pursuant to an affidavit of probable cause also submitted by Defendant Clarkson. There are no allegations or inferences that would permit this court to conclude that Defendant Nixon's actions were so improper that they rise to a Fourteenth Amendment substantive due process violation. Accordingly, Defendant Nixon's motion will be granted and Plaintiff's claims as to Defendant Nixon will be dismissed, with prejudice, because the factual allegations do not state a claim against Defendant Nixon and, having already had an opportunity to submit an amended complaint, any further amendment to Plaintiff's Fourteenth Amendment claim against Defendant Nixon would be futile.

## C. **Defendant Clarkson**

Plaintiff alleges that Defendant Clarkson coerced a statement out of the alleged victim, and that such coercion amounts to a Fourteenth Amendment due process violation. Taking the factual allegations as true, it appears that Plaintiff is making a substantive due process claim. However, such a claim would be more appropriately brought by the alleged victim, and Plaintiff may not bring a cause of action on behalf of another individual. Indeed, "to properly state a 42 U.S.C. § 1983 claim for a violation of the Fourteenth Amendment's Due Process Clause, a plaintiff

must, among other things, establish that the defendant 'subjected *the plaintiff*, or cause *the plaintiff* to be subjected to' a deprivation of a protected property interest without due process." *Barr v. Cnty. of Clarion*, 417 F. App'x 178, 180 (3d Cir. 2011)(emphasis added)(quoting *Sample v. Diecks*, 885 F.2d 1099, 1113 (3d Cir. 1989)). To the extent these allegations may have caused any deprivation related to Plaintiff, the only identifiable deprivation is Defendant Clarkson's failure to include information regarding the alleged victim's mental state in the affidavit of probable cause. Without more, this allegation cannot support a substantive due process claim because, at most, it suggests that Defendant Clarkson was merely negligent in the preparation of the affidavit.[3] However, as stated, "liability [for a due process violation] only exists for the most egregious official conduct that is so ill-conceived or malicious that it shocks the conscience." *Hernandez v. City of Union City*, 264 F. App'x 221, 224 (3d Cir. 2008) (quoting *Miller v. City of Phila.*, 174 F.3d 368, 375 (3d Cir. 1999) (internal quotations omitted)). "Negligent police work, even if proven, does not violate the due process clause." *Id.* (quoting *Wilson v. Russo*, 212 F.3d 781 n.1 (3d Cir. 2000)). Even when interpreted in the most liberal sense, the court concludes that Plaintiff's amended complaint fails to state a Fourteenth Amendment due process claim against Defendant Clarkson. Accordingly, Defendant Clarkson's motion will be granted, and Plaintiff's claims against Defendant Clarkson will be dismissed, with prejudice, because any further

---

[3] In his sur-reply, Plaintiff himself characterizes Defendant Clarkson's actions as "negligent." (*See* Doc. 49, p. 2) ("Defendant Clarkson's 'negligent' acts lead to Plaintiff's Fourteenth Amendment rights to protection of life, and liberty being violated by submitting Plaintiff[']s case to an office of a detached magistrate to have probable cause determined by Defendant Nixon . . . .".)

amendment to Plaintiff's Fourteenth Amendment claim against Defendant Clarkson would be futile.

## IV.        Conclusion

For the reasons set forth herein, the court will grant Defendants' motions to dismiss.

S/SYLVIA H. RAMBO
United States District Judge

Dated: June 12, 2013.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PAUL J. McKENZIE,** | : | **CIVIL NO. 1:12-CV-2241** |
| **Plaintiff** | : | **(Judge Rambo)** |
| **v.** | : | |
| **BARBARA H. NIXON,** | : | |
| **THOMAS W. GREGORY,** | : | |
| **and ALAN E. CLARKSON,** | : | |
| **Defendants** | : | |

## O R D E R

For the reasons set forth in the accompanying memorandum, it is

**HEREBY ORDERED** as follows:

1. The motions to dismiss filed by Defendants Clarkson (Doc. 31),
Nixon (Doc. 33), and Gregory (Doc. 36) are **GRANTED**;

2. Plaintiff's claims are **DISMISSED** with prejudice as to all
Defendants;

3. The Clerk of Court is directed to **CLOSE** this case.


S/SYLVIA H. RAMBO
United States District Judge

Dated: June 12, 2013.